# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSTIN BAUMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VUZIX CORPORATION, PAUL J. TRAVERS, GRANT RUSSELL, ALEXANDER RUCKDAESCHEL, and MICHAEL SCOTT,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dustin Bauman ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Vuzix Corporation ("Vuzix" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Vuzix; and (c) review of other publicly available information concerning Vuzix.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that: (a) acquired Vuzix securities pursuant and/or traceable to the Company's false and/or misleading registration statement and prospectus (collectively, the "Registration Statement") issued in connection with

the Company's January 2018 secondary public offering ("SPO" or the "Offering"); and/or (b) acquired Vuzix securities between November 9, 2017, and March 20, 2018, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants, under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

2.     Vuzix purportedly designs, manufactures, markets and sells devices that are worn like eyeglasses and feature built-in video screens. The Company's products purportedly enable users to view video and digital content, such as movies, websites and video games.

3.     On January 26, 2018, the Company filed its SPO prospectus on Form 424B5 with the SEC, which forms part of the SPO Registration Statement. In the SPO, the Company sold 3,000,000 shares of common stock at a price of $10.00 per share. The Company received proceeds of approximately $28.4 million from the SPO, net of underwriting discounts and commissions. The proceeds from the SPO were purportedly to be used to for general corporate purposes, including expanding Vuzix's product lines, and for general working capital purposes.

4.     Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose that: (i) Vuzix used unlawful stock promotion tactics to boost the Company's stock price; (ii) Vuzix used misleading stock promotion tactics to raise nearly $30 million at an all-time high share price; and (iii) as a result of the foregoing, Defendants' statements in the Registration Statement regarding Vuzix's business, operations, and prospects, were materially false and/or misleading.

5.     On March 16, 2018, MOX Reports published a report alleging that Vuzix had used undisclosed stock promotion tactics involving mainstream media outlets to artificially inflate its share price.

6.      On this news, the Company's share price fell $1.70 per share, or more than 22%, on heavy trading volume, over the course of three trading sessions, to close on March 21, 2018 at $5.95 per share.

7.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

10.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). A significant portion of Defendants' actions, and the subsequent damages, took place in this Judicial District.

11.      In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

12.    Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Vuzix stock during the Class Period, pursuant and/or traceable to the Registration Statement issued in connection with the Company's SPO, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

13.    Defendant Vuzix Corporation is incorporated in Delaware and its principal executive offices are located in West Henrietta, New York. Vuzix's common stock trades on the NASDAQ Stock Market ("NASDAQ") under the symbol "VUZI."

14.    Defendant Paul J. Travers ("Travers") was, at all relevant times, the Chief Executive Officer ("CEO") and a Director of Vuzix, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

15.    Defendant Grant Russell ("Russell") was, at all relevant times, the Chief Financial Officer ("CFO") and a Director of Vuzix, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

16.    The Defendants described in ¶¶ 14-15 are sometimes collectively referred to hereinafter as the "Individual Defendants."  The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of Vuzix's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market. Each defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information

available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

17.    Defendant Alexander Ruckdaeschel ("Ruckdaeschel") signed or authorized the signing of the Company's Registration Statement on January 29, 2016 filed with the SEC as a Director of Vuzix.

18.    Defendant Michael Scott ("Scott") signed or authorized the signing of the Company's Registration Statement on January 29, 2016 filed with the SEC as a Director of Vuzix.

19.    Defendants Travers, Russell, Ruckdaeschel and Scott are collectively referred to hereinafter as the "Securities Act Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

20.    Vuzix purportedly designs, manufactures, markets and sells devices that are worn like eyeglasses and feature built-in video screens. The Company's products purportedly enable users to view video and digital content, such as movies, websites and video games.

21.    On January 26, 2018, the Company filed its SPO prospectus on Form 424B5 with the SEC, which forms part of the SPO Registration Statement. In the SPO, the Company sold 3,000,000 shares of common stock at a price of $10.00 per share. The Company received proceeds of approximately $28.4 million from the SPO, net of underwriting discounts and

commissions. The proceeds from the SPO were purportedly to be used to for general corporate purposes, including expanding Vuzix's product lines, and for general working capital purposes.

22.     Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

23.     On January 25, 2018, Vuzix priced its SPO of 3 million shares of common stock at a price of $10 per share. According to the Company, the Offering raised approximately $28.4 million for the Company, net of underwriting discounts, commissions, and estimated offering expenses.

### Materially False and Misleading
### Statements Issued During the Class Period

24.     The Class Period begins on November 9, 2017, when the Company issued a press release announcing its financial and operating results for the third quarter of 2017. The Company reported in relevant part:

**Vuzix Provides Business Update and Reports its Third Quarter 2017 Financial Results**

**Total third quarter revenue increased by 141% over the prior year**

ROCHESTER, N.Y., November 9, 2017 - Vuzix® Corporation (NASDAQ: VUZI), a leading supplier of Smart Glasses, Augmented Reality (AR) technologies and products for the consumer and enterprise markets, today reported its third quarter financial results for the period ended September 30, 2017.

**Third Quarter 2017 and recent highlights included:**

- Posted third consecutive quarter of sequential growth and record revenue. Revenue for the third quarter 2017 was $1,405,100 or an increase of 141% compared to $582,549 for the third quarter of 2016.

- Vuzix quarterly smart glasses revenues eclipsed $1,000,000 for the first time in the Company's history with $1,027,397 of sales, an

increase of 171% compared to $379,053 for the third quarter of 2016, representing sequential growth of 45% compared to the second quarter of 2017.

- Recognized $266,687 of engineering services revenues during the third quarter on our enterprise smart glasses development project with Toshiba. The remaining development work associated with Toshiba is expected to be completed in the fourth quarter, which will result in approximately $221,000 of revenue in the fourth quarter and the delivery of PVT devices. Vuzix expects to move this new product into volume production for Toshiba in early 2018.

- Realized further improvements in the gross margins on sales of the M300 Smart Glasses now that offshore volume manufacturing has been brought online.

- Added a new Tier-1 consumer electronics firm focused on integrating our waveguide and display engine technology into their future consumer products roadmap.

**Management Commentary**

"We saw direct product gross margin improvements from our flagship enterprise device, the M300 in the third quarter compared to the second quarter of 2017. And while our third quarter smart glasses sales were impacted by limited supply of inventory due to some manufacturing challenges related to the M300, the Company achieved record quarterly smart glasses product revenue despite these headwinds, "said Paul Travers, President and CEO of Vuzix. "The manufacturing challenges have been addressed by our offshore contract manufacturer and their production line is now producing M300s in high volume. During the third quarter, we continued to leverage our industry leading optics and wearable display technology and added a third Tier-1 consumer electronic customer. This new Tier-1 customer is working with us to develop a consumer product using Vuzix waveguides and projector engines that is unrelated to smart glasses.

25.     On November 9, 2017, the Company also filed a quarterly report with the SEC on Form 10-Q, substantially reiterating the operating results included in the press release quoted above.

26.    On March 16, 2018, the Company filed with the SEC its annual report on Form 10-K.  In its annual report, the Company stated in relevant part regarding its presentation at the Consumer Electronics Show ("CES"):

> In January 2018, we introduced our Vuzix Blade™ (The Blade) Smart Glasses at CES 2018. The Vuzix Blade received 4 innovation awards at CES and was named "Best of CES"by several notable media firms including TIME, Rolling Stone, CNET, Fox News, Tom's Guide and TechRadar. The Blade provides a wearable AR smart display with a see-through viewing experience utilizing Vuzix' proprietary waveguide optics and Cobra II display engine. Using the Vuzix Blade is like having a computer or smartphone screen information right in front of the user, wherever they go and is designed to allow the user to keep their phone in their pocket. The lightweight (less than 2.8 oz) Blade Smart Glasses are the first smart glasses featuring style, performance and advanced see-through waveguide optics for hands-free computing and connectivity. The Blade is ideal for mobile applications including social media, navigation, artificial intelligence (AI) and HD photography and videography as well as a AR wearable display for the enterprise sector. The Blade also is designed to integrate with AI engines and will ship out of the box with Amazon Alexa, an intelligent personal assistant featuring AI. It is capable of voice interaction, making to-do lists, setting alarms, streaming podcasts, playing audiobooks, taking pictures and providing weather, traffic, and other real-time information.

27.    The above statements identified in ¶¶ 24-26 were materially false and/or misleading when made because Defendants failed to disclose: (i) Vuzix used unlawful stock promotion tactics to boost the Company's stock price; (ii) Vuzix used misleading stock promotion tactics to raise nearly $30 million at an all-time high share price; and (iii) as a result of the foregoing, Defendants' statements in the Registration Statement regarding Vuzix's business, operations, and prospects, were materially false and/or misleading.

**The Truth Begins To Emerge**

28.    On March 16, 2018, MOX Reports published report alleging that the Company unlawfully used certain stock promotion tactics to boost the Vuzix share price, and then offered shares at $10 per share. MOX Reports stated, in relevant part:

- Vuzix recently used an undisclosed stock promotion involving dozens of mainstream media outlets to artificially inflate the share price and volume, and then raise $30 million

- Photos of leaked documents from IRTH Communications show IRTH bragging to potential clients that it was responsible for more than 30 articles from mainstream media outlets which all simultaneously erupted in connection with Margolis' "Alexa ruse". These specific IRTH sponsored articles were conspicuous in that they offered effusive praise for Vuzix but appeared as standard news on dozens of mainstream sites

- The information contained in the articles and product reviews was flat out wrong, but was then repeatedly rebroadcast by Vuzix (esp. Margolis) in order to inflate the stock. Margolis made heavy use of social media, adding the $VUZI ticker next to the sponsored articles

- Vuzix's "Blade" is little more than a low tech mock-up which serves as a prop for journalists to conduct sham reviews. When these journalists "reviewed" the product at CES, neither the Alexa feature nor the browser were functioning – not for any of the journalists. Yet these same journalists then widely touted the device in their mainstream bylines, overwhelmingly on the basis of the Alexa features that actually don't exist !

- Matt Margolis conceals his past employment by multiple fraudsters who had also been behind undisclosed promotions on Vuzix for years. Margolis' former employer Mark Gomes was shut down under SEC fraud proceedings in September just after running his latest promotion on Vuzix

- With a separate promoter, Margolis was actively promoting Cemtrex and other IRTH clients without disclosing that he was being paid via IRTH Communications. Cemtrex subsequently collapsed.

- Vuzix's recent "Alexa ruse" was actually a recycled ploy that Margolis had used on Vuzix in 2016, while he was still employed by outside promoters. Just like with the "GoPro ruse" in 2016, adding Alexa functionality costs nothing and can be done in just one hour by downloading a simple developer kit. Margolis then uses this non-event as a pretense to run a stock promotion

- Over the past 11 months, we have seen a very visible acceleration in SEC enforcement against this exact type of fraud. The recent undisclosed IRTH promotions were now too blatant and were then

9

used for an immediate $30 million capital raise at $9.95. Investors in that offering ended up seeing nearly immediate losses after the pump campaign stopped.

29.    On this news, the Company's share price fell $1.70 per share, or more than 22%, on heavy trading volume, over the course of three trading sessions, to close on March 21, 2018 at $5.95 per share.

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Vuzix securities: (a) issued in connection with the Company's January 25, 2018 SPO; and/or (b) between November 9, 2017, and March 20, 2018, inclusive (collectively, the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

31.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Vuzix's securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Millions of Vuzix shares were traded publicly during the Class Period on the NASDAQ. As of March 16, 2018, there were more than 27 million shares of the Company's common stock outstanding. Record owners and other members of the Class may be identified from records maintained by Vuzix or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

34.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)    whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Vuzix ; and

(c)    whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

35.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

36.    The market for Vuzix's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Vuzix's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Vuzix's securities relying upon the integrity of the market price of the Company's securities and market information relating to Vuzix, and have been damaged thereby.

37.    During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Vuzix's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. Said statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about Vuzix's business, operations, and prospects as alleged herein.

38.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Vuzix's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted

in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## LOSS CAUSATION

39.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

40.     During the Class Period, Plaintiff and the Class purchased Vuzix's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

41.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Vuzix, his/her control over, and/or receipt and/or modification of Vuzix's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Vuzix, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

42.    The market for Vuzix's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Vuzix's securities traded at artificially inflated prices during the Class Period. On January 24, 2018, the Company's stock closed at a Class Period high of $10.80 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Vuzix's securities and market information relating to Vuzix, and have been damaged thereby.

43.    During the Class Period, the artificial inflation of Vuzix's stock was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Vuzix's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Vuzix and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company stock. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

44.    At all relevant times, the market for Vuzix's securities was an efficient market for the following reasons, among others:

(a)    Vuzix stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Vuzix filed periodic public reports with the SEC and/or the NASDAQ;

(c)     Vuzix regularly communicated with public investors *via* established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Vuzix was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

45.     As a result of the foregoing, the market for Vuzix's securities promptly digested current information regarding Vuzix from all publicly available sources and reflected such information in Vuzix's stock price. Under these circumstances, all purchasers of Vuzix's securities during the Class Period suffered similar injury through their purchase of Vuzix's securities at artificially inflated prices and a presumption of reliance applies.

46.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the

sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

47.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Vuzix who knew that the statement was false when made.

## FIRST CLAIM
### Violation of Section 11 of the Securities Act
### (Against All Defendants)

48.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

49.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against the Defendants.

50.    The Registration Statement for the SPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

51.    Vuzix is the registrant for the SPO. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

52.    As issuer of the shares, Vuzix is strictly liable to Plaintiff and the Class for the misstatements and omissions.

53.    None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

54.    By reasons of the conduct herein alleged, each Section 11 Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

55.    Plaintiff acquired Vuzix shares pursuant and/or traceable to the Registration Statement for the SPO.

56.    Plaintiff and the Class have sustained damages. The value of Vuzix common stock has declined substantially subsequent to and due to the Defendants' violations.

**SECOND CLAIM**
**Violation of Section 15 of the Securities Act**
**(Against the Section 11 Individual Defendants)**

57.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

58.    This count is asserted against the Section 11 Individual Defendants and is based upon Section 15 of the Securities Act.

59.     The Section 11 Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Vuzix within the meaning of Section 15 of the Securities Act. The Section 11 Individual Defendants had the power and influence and exercised the same to cause Vuzix to engage in the acts described herein.

60.     The Section 11 Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

61.     By virtue of the conduct alleged herein, the Section 11 Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## THIRD CLAIM
### Violation of Section 10(b) of The Exchange Act
### and Rule 10b-5 Promulgated Thereunder
### (Against Vuzix and the Individual Defendants)

62.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

63.     During the Class Period, the Company and the Individual Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Vuzix's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, the Company and the Individual Defendants, and each of them, took the actions set forth herein.

64.     The Company and the Individual Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a

course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Vuzix's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. The Company and the Individual Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

65.    The Company and the Individual Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Vuzix's financial well-being and prospects, as specified herein.

66.    These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Vuzix's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Vuzix and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

67.    Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their

responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

68.     The Company and the Individual Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Vuzix's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by the Company and the Individual Defendants' overstatements and/or misstatements of the Company's business, operations, financial wellbeing, and prospects throughout the Class Period, these defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

69.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Vuzix's securities was artificially inflated during the Class Period. In ignorance of the fact that

market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by the Company and the Individual Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by the Company and the Individual Defendants, but not disclosed in public statements by these defendants during the Class Period, Plaintiff and the other members of the Class acquired Vuzix's securities during the Class Period at artificially high prices and were damaged thereby.

70.    At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Vuzix was experiencing, which were not disclosed by the Company and the Individual Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Vuzix securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

71.    By virtue of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

72.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## FOURTH CLAIM
### Violation of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

73.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

74.     The Individual Defendants acted as controlling persons of Vuzix within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

75.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

76.     As set forth above, Vuzix and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and/or omissions as alleged in this Complaint. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.      Determining that this action is a proper class action under Federal Rules of Civil

Procedure 23;

B.      Awarding compensatory damages in favor of Plaintiff and the other Class

members against all defendants, jointly and severally, for all damages sustained as a result of

Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in

this action, including counsel fees and expert fees; and

D.      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  July 27, 2018

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
          ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Attorneys for Plaintiff*

**Submission Date**

2018-07-25 07:37:16

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.    I make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against Vuzix Corporation ("Vuzix" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire Vuzix securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Vuzix securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in Vuzix securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.  I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

# Name

**Print Name**

Dustin Bauman

# Acquisitions

**Configurable list (if none enter none)**

| Date Acquired | Number of Shares Acquired | Price per Share Acquired |
| --- | --- | --- |
| 2-5-2018 | 20 | 8.00 |

# Sales

**Configurable list (if none enter none)**

| Date Sold | Number of Shares Sold | Price per Share Sold |
| --- | --- | --- |

| | | |
|---|---|---|
| none | | |

## Documents & Message

**Upload your brokerage statements showing your individual purchase and sale orders.**



**Signature**



**Full Name**

Dustin Bauman



**Vuzix Corporation (VUZI)**                                        **Bauman, Dustin**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|---|---|---|---|
| 2/5/2018 | Purchase | 20 | $8.0000 |